## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE BV and BOSE CORPORATION )<br><br>Plaintiffs, )<br><br>v. )<br><br>EDUARDO ZAVALA )<br><br>Defendant. ) | CIV. NO.: 09-11360 |

### PLAINTIFFS' EX PARTE MOTION FOR IMPOUNDMENT ORDER

Pursuant to 17 U.S.C. § 503(a)(1)(C) and 17 U.S.C. § 1203(b)(2), and in accordance with Fed. R. Civ. P. Rule 65(f), the Plaintiffs, Bose BV and Bose Corporation, respectfully move for an Impoundment Order against the Defendant, Eduardo Zavala, impounding the records documenting the manufacture, sale, or receipt of Bose® Lifestyle® Media Centers ("Media Centers"), the Media Center devices, and other pertinent items. This impoundment is necessary to prevent Defendant from destroying same and from utilizing same in furtherance of his current infringement of Bose's copyright and trademark rights.

As set forth more fully in the accompanying Memorandum of Law in Support of Plaintiffs' Ex Parte Motion for Impoundment Order, the Defendant has been selling and/or distributing and/or manufacturing Media Centers which have their region coding unlocked. Defendant has unlawfully "hacked" into firmware embedded in the Media Center and unlocked the Media Center's region coding. The purpose of this hacking or unlocking is to circumvent access control technologies designed to protect Works protected by Title of the U.S. Code.

1

Once unlocked, these Media Centers are then trafficked and resold as new products under Bose's federally registered trademarks.

The Media Centers sold and/or distributed and/or manufactured by the Defendant are primarily designed or produced for the purpose of circumventing a technological measure, CSS DVD encryption / region coding, which effectively controls access to works protected under Title 17. The Defendant's actions violate 17 U.S.C. § 1201.

17 U.S.C. § 503(a)(1)(C)[1] provides that this Court may order the impounding, on such terms as it deems reasonable, "of the records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized under this subparagraph shall be taken into the custody of the court." 17 U.S.C. § 1203(b)(2) provides that this Court may order the impounding, on such terms as it deems reasonable, of any device or product that the Court has reasonable cause to believe was involved in a violation of 17 U.S.C. § 1201.

In further support of this motion, the Plaintiffs submit:

1. The accompanying Memorandum of Law in Support of Plaintiffs' Motion for Impoundment Order;

2. The Affidavit of Jason Stephen; and

3. The Affidavit of Christopher Finnerty.

---

[1] The statute also requires that the Court enter an appropriate protective order with the discovery and use of any records or information that has been impounded.

2

WHEREFORE, the Plaintiffs respectfully move this Court for an order in conformity with the proposed order attached hereto.

Respectfully submitted,
Plaintiffs,
BOSE BV and BOSE CORPORATION,
by their attorneys,


/s/ Christopher S. Finnerty
Christopher S. Finnerty (BBO # 657320)
chris.finnerty@nelsonmullins.com
Jeffrey S. Patterson (BBO # 671383)
jeffrey.patterson@nelsonmullins.com
Morgan T. Nickerson (BBO # 667290)
morgan.nickerson@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place, 40th Floor
Boston, MA 02108
p.   (617) 573-4700
f.   (617) 573-4710

Dated:  August 14, 2009