UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11360-GAO

BOSE BV and BOSE CORPORATION,
Plaintiffs,

v.

EDUARDO ZAVALA,
Defendant.

OPINION AND ORDER
January 14, 2010

O'TOOLE, D.J.

**I.      Background**

The plaintiffs, Bose BV and Bose Corporation (collectively, "Bose"), manufacture, market, and sell home theater systems, known as BOSE® LIFESTYLE® systems. Each Lifestyle® system includes speakers, a subwoofer, and a Media Center. Each Media Center contains a DVD player. Bose sets each DVD player to a specific region code that corresponds to the geographical region where the player will be sold. DVD players can only play DVDs with matching region codes. Bose sets the region code by programming proprietary firmware within the Media Center.

The defendant, Eduardo Zavala, sells Bose® Lifestyle® Media Centers in auctions on eBay.com. In his auctions, Zavala offers to unlock the region coding within the Media Center's DVD player or to give the purchaser directions on how to do so. (Compl. Ex. 3.)  Bose alleges that Zavala unlocks the region code in the Media Centers by altering Bose's firmware. Unlocking the region code permits the Media Centers to play DVDs distributed anywhere in the world.

Through this action, Bose seeks injunctive relief and damages in connection with Zavala's alleged violations of the Lanham Act (counts I, IV, and V), the Digital Millennium Copyright Act, (counts II and III), Massachusetts General Laws chapter 93A (count VII), and common law claims of trademark infringement (count VI), unjust enrichment (count VIII), and conversion (count IX). Zavala has moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   Failure to Comply with the Local Rules

At the outset, it must be noted that Zavala's memorandum in support of his motion to dismiss does not comply with the Court's local rules, which state: "A party filing a motion shall at the same time file a memorandum of reasons, *including citation of supporting authorities*, why the motion should be granted." L.R. 7.1(b)(1) (emphasis added). Except for rote citations to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949 (2009), Zavala fails to cite or discuss any law relevant to the claims that he seeks to have dismissed. This failure alone is reason enough to deny his motion to dismiss. See L.R. 1.3 ("Failure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal . . . .").

## III.   Digital Millennium Copyright Act Claims (Counts II and III)

Zavala argues that Bose lacks standing to assert claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201. To have standing to assert claims under the DMCA, the plaintiff must (1) have constitutional standing; and (2) be a "person injured" within the meaning of 17 U.S.C. § 1203(a). See CoxCom, Inc. v. Chaffee, 536 F.3d 101, 107 n.7 (1st Cir. 2008) ("The question of constitutional standing is not the same as establishing [the

plaintiff's] standing to sue . . . as a 'person injured' under the DMCA."). Zavala appears to challenge both criteria.

### A. Constitutional Standing

Constitutional standing exists if the plaintiff suffered an injury-in-fact that is both traceable to the defendant's conduct and redressable by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Zavala seems to contend that Bose was not injured because Bose does not allege lost sales.

Perhaps because he cites no case law, Zavala fails to recognize that the First Circuit's decision in CoxCom, Inc. v. Chaffee sets a relatively low bar with respect to constitutional standing under the DMCA. There, the defendants sold digital cable filters that permitted subscribers to obtain "pay-per-view" programming without paying. CoxCom, Inc., 536 F.3d at 107. The defendants argued that the cable company did not suffer an injury-in-fact because there was no evidence that any subscriber actually employed the filters to get free programming. Id. Concluding that such specific allegations of loss were not required, the First Circuit held that a plaintiff need only allege that the sale of the defendant's products set in motion a chain of events from which a loss of remuneration to the cable provider could reasonably be expected. Id. at 107-08.

Applying these principles here, Bose need not allege any particular lost sales. It has sufficiently alleged injury-in-fact by alleging that Zavala's sales of Media Centers whose region coding was or could be altered could reasonably have been expected to deprive it "of the opportunity to earn profits from the sale of legitimate Bose products to consumers." (Compl. ¶ 32.)

### B. "Person Injured"

Zavala's other standing argument questions whether Bose is a "person injured" under the DMCA. Zavala argues that Bose is not the type of party protected by the DMCA, because it does not sell digital media or region code-changing services.

The DMCA gives a cause of action to "any person injured by a violation of section 1201." 17 U.S.C. § 1203(a). A party who controls the technological measures that protect copyrighted works has routinely been deemed a "person injured" by the circumvention of these measures. Echostar Satellite, L.L.C. v. Viewtech, Inc., 543 F. Supp. 2d 1201, 1205-06 (S.D. Cal. 2008); Comcast of Ill. X, LLC v. Hightech Elecs., Inc., No. 03-3231, 2004 WL 1718522, at *6 (N.D. Ill. July 29, 2004). Bose controls region coding, a technological measure that protects copyrighted DVDs. This is sufficient to allege that it is a "person injured" within the meaning of the DMCA.

### IV. All Remaining Claims (Counts I, IV, V, VI, VII, VIII, and IX)

In support of his motion to dismiss all remaining claims, Zavala's arguments are all variations on a common theme. Zavala argues that the complaint fails to state a claim for these offenses because it alleges only that he resold "genuine" Bose goods.

He is wrong. The complaint alleges that the Bose goods Zavala sold were "counterfeit." (Compl. ¶ 20.)

The complaint also alleges that the goods were not genuine. (Id. ¶ 30.) Goods are not genuine if they are materially different from those authorized for sale by the trademark owner. Societe des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 638 (1st Cir. 1992). And a material difference is any difference consumers would consider relevant when deciding whether to purchase a good. Id. at 642. Bose therefore need only allege that he sold Bose products that

differ materially from those sold by its authorized dealers. It has carried this burden by alleging differences in voltage systems, (Compl. ¶ 19), region coding, (id. ¶¶ 20, 30), and warranty protections, (id. ¶¶ 20, 34).

## V.     Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted (dkt. no. 10) is DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge