UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11360-GAO

BOSE BV and BOSE CORPORATION,
Plaintiffs,

v.

EDUARDO ZAVALA,
Defendant.

ORDER
July 8, 2010

O'TOOLE, D.J.

After review of the parties' submissions and hearing, the plaintiffs' Fourth Motion to Compel Answers to Discovery, Second Motion to Compel Attendance at Deposition and Motion for Sanctions Against Defendant and Defense Counsel (dkt. no. 46) is GRANTED.

The Court concludes that the defendant, Eduardo Zavala, and his counsel have violated and/or failed to comply with a series of discovery orders issued by the Court. These Orders include written orders dated January 14, April 2, and April 22, as well as an oral order of the Court delivered in a telephone hearing on April 29. The violations of the discovery orders along with the exacerbating circumstances which support the Court's order are as follows:

- The defendant has never adequately and completely responded to the plaintiffs' interrogatories;

- The defendant has never produced the documents ordered for production by the Court;

- Defense counsel has persisted in objections and refusals to produce documents and information, despite unequivocal Orders from the Court overruling the objections and ordering production;

- The defendant refused to attend his properly noticed and court-ordered deposition in Tijuana, Mexico on April 29;

- Defense counsel failed to inform the plaintiffs' counsel of any potential problems with the April 29 deposition, which resulted in the unnecessary expenditure of thousands of dollars in costs and fees; and

- The actions of the defendant and his counsel described above have materially delayed the progress of discovery in the case and have forced both the plaintiffs and the Court to spend unnecessary resources re-litigating the same issues, despite repeated and clear court rulings which already decided the issues.

When non-compliance with a court order occurs, "the ordering court should consider the totality of the events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and the circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Therefore, based upon the foregoing, the Court hereby orders and adjudges the following pursuant to its equitable powers and Federal Rule of Civil Procedure 37(b)(2):

- The defendant must completely and specifically answer the plaintiffs' interrogatories within fourteen (14) days;

- The defendant must produce all responsive documents to the plaintiffs' request for documents within fourteen (14) days;

- The defendant must attend a deposition in Boston, Massachusetts within forty-five (45) days of this Order;

- The defendant and his counsel are jointly assessed costs and fees as follows:

    Costs assessed regarding the April 29 deposition

    | | |
    |---|---|
    | Fees to Veritext | $4,451.00 |
    | Security | $500.00 |
    | Transportation | $143.30 |

    | | |
    |---|---|
    | Fees assessed regarding the April 29 deposition | $6,000.00 |
    | Fees assessed regarding the Third Motion to Compel | $1,200.00 |
    | Fees assessed regarding the Fourth Motion to Compel | $2,500.00 |
    | TOTAL | $14,794.30 |

- All of the defendant's discovery requests are stayed until this Order is obeyed;

- The defendant must provide the plaintiffs' counsel with written consent to the release of his e-mails from Microsoft and Google within fourteen (14) days of this Order; and

- All scheduling deadlines in this matter are to be extended by sixty (60) days.

It is SO ORDERED.

                                          /s/ George A. O'Toole, Jr.
                                        United States District Judge