UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11360-GAO

BOSE BV and BOSE CORPORATION,
Plaintiffs,

v.

EDUARDO ZAVALA,
Defendant and Counterclaimant,

v.

BOSE BV and BOSE CORPORATION,
Counterclaim Defendants.

OPINION AND ORDER
July 8, 2010

O'TOOLE, D.J.

The defendants-in-counterclaim, Bose BV and Bose Corporation (collectively, "Bose"), have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the counterclaims asserted by the plaintiff-in-counterclaim, Eduardo Zavala.

## I.     Tortious Interference with Prospective Economic Advantage (Counterclaim I)

Bose has moved to dismiss the tortious interference counterclaim for the reason that Zavala has failed to allege that any interference with his economic interests was done "for an improper purpose or by improper means." See Swanset Dev. Corp. v. City of Taunton, 668 N.E.2d 333, 338 (Mass. 1996). Allegations that a party commenced a lawsuit for the ulterior purpose of interfering with a prospective business relationship may satisfy this element. Int'l Floor Crafts, Inc. v. Adams, 477 F. Supp. 2d 336, 340 (D. Mass. 2007) (citing G.S. Enters. v. Falmouth Marine, Inc., 571 N.E.2d 1363, 1370 (Mass. 1991)). Zavala alleges that Bose's lawsuit

is "baseless" because Bose lacked a "reasonable basis to believe that any of the Bose-branded products possessed or sold by [him] are counterfeit or stolen." (Answer, Affirmative Defenses and Counterclaim ¶¶ 102, 111.) He further alleges that Bose filed suit "for the improper purpose of preventing [him] from competing against Bose and its authorized resellers." (Id. ¶ 102.)

On a motion to dismiss, however, "those 'facts' which have since been conclusively contradicted by [a plaintiff-in-counterclaim's] concession or otherwise" are not accepted as true. Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). The allegations in Zavala's counterclaim cannot be accepted as true where he has admitted in his answer facts showing that Bose's lawsuit is not baseless. For example, Bose brings a claim for federal trademark infringement, which requires proof of an unauthorized sale of non-genuine goods, or goods that are materially different from those sold by the trademark owner. See Societe des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 638 (1st Cir. 1992). Zavala admitted that he "has never been an authorized reseller" of Bose Media Centers; that Media Centers include a DVD player coded with a region code; that region code "0" is "not an official setting;" and that he sold Media Centers on eBay with their region coding unlocked. (Compl. ¶¶ 3, 16, 24, 25; Answer, Affirmative Defenses and Counterclaim ¶¶ 3, 16, 24, 25.) Having essentially admitted facts sufficient to support a claim of federal trademark infringement, Zavala cannot now claim that Bose's lawsuit is baseless and filed only to stifle legitimate competition.

## II.      Conversion (Counterclaim II)

Bose contends that the conversion counterclaim must be dismissed because Zavala has failed to allege that it "exercise[d] acts of ownership, control or dominion" over the impounded goods. See Grand Pac. Fin. Corp. v. Brauer, 783 N.E.2d 849, 857 (Mass. App. Ct. 2003) (internal quotation omitted). According to Zavala's opposition memorandum, the counterclaim alleges

that Bose stated at the impoundment hearings that the goods were stolen, and these statements imply ownership of the goods. This argument falls flat. To begin with, the counterclaim itself does not allege that Bose claimed the goods were stolen; the counterclaim merely alleges that Bose made "false, baseless, and deceptive statements" without giving any indication as to what those statements might be. (Answer, Affirmative Defenses and Counterclaim ¶ 105.) That general allegation is likely insufficient under Rule 9(b), as well as the Supreme Court's recent articulation of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937 (2009). Putting this pleading failure aside, the allegation, even if properly made, would not suffice to state a claim for conversion. A claim for conversion requires "proof that the defendant[-in-counterclaim] did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property." Kelley v. LaForce, 288 F.3d 1, 12 (1st Cir. 2002) (internal quotation omitted). The only action taken by Bose with respect to Zavala's inventory was to seek and obtain the impoundment order entered by this Court, which authorizes the detention of the goods pending clarification of rightful ownership or possession.

**III.     Massachusetts General Laws Chapter 93A (Counterclaim III)**

Bose has moved to dismiss the Massachusetts General Laws chapter 93A counterclaim arguing that Zavala has not alleged a cognizable unfair or deceptive act. Filing a baseless lawsuit for "any pernicious purpose collateral to winning the suit and insuring payment of damages sustained" has been recognized as an unfair and deceptive act under chapter 93A. Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1514 (1st Cir. 1989). Zavala's allegations that Bose filed a baseless lawsuit to stifle competition, however, cannot be accepted as true for the reasons stated above.

**IV.**     **Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (dkt. no. 48)**

Bose has also moved for sanctions in the form of attorneys' fees expended to file this motion to dismiss under Rule 11, which permits the imposition of sanctions on an attorney who files frivolous claims or files claims for an improper purpose. See Fed. R. Civ. P. 11(b), (c). Although the Court agrees that the counterclaims are frivolous, Rule 11 sanctions are not necessary in light of recent sanctions imposed under Rule 37 for the on-going abusive discovery tactics in this case.

**V.**     **Conclusion**

For the foregoing reasons, the Motion to Dismiss Defendant's Counterclaims for failure to State a Claim (dkt. no. 26) is GRANTED. The Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (dkt. no. 48) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge