UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11360-GAO

BOSE BV and BOSE CORPORATION,
Plaintiffs,

v.

EDUARDO ZAVALA,
Defendant.

ORDER
July 18, 2011

O'TOOLE, D.J.

The defense counsel, Dale A. Malone, has filed a motion (dkt. no. 59) to withdraw as counsel for the defendant, Eduardo Zavala. The plaintiffs, Bose BV and Bose Corporation, argue that Malone's motion should be denied because he has failed to pay the $14,794.30 assessed by the Court in its July 8, 2010 order.

An attorney requires leave of Court to withdraw from a case where, as here, no other attorney has filed a notice of appearance to represent his client. Local Rule 83.5.2(c). Where an attorney moves for leave to withdraw, the grant or denial of the motion "is a matter addressed to the discretion of the trial court . . . ." Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985). In its evaluation of such a motion, the Court will consider the impact that the withdrawal may have on the attorney's client and on the Court. See Hammond v. T.J. Litle & Co., Inc. 809 F. Supp. 156, 159 (D. Mass. 1992) (evaluating an attorney's motion to withdraw in light of the fact that "[a]n attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client."); id. at 160 ("[A] lawyer shall not withdraw

from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.") (internal citations and quotations omitted); see also Model Rules of Prof'l Conduct R. 1.16(d); Mass. Rules of Prof'l Conduct R. 1.16(d).

In the present case, the Court jointly assessed Malone and his client $14,784.30 pursuant to its equitable powers and Federal Rule of Civil Procedure 37(b)(2). The Court ordered this assessment in light of repeated discovery violations and after careful review of the parties' written and oral arguments. The assessment has not yet been paid. The Court declines now to grant counsel's motion to withdraw until he fulfills his financial obligations imposed by order of the Court. Malone is ordered to pay the amount assessed within thirty-five days of the entry of this order. Failure to comply will result in an adjudication of contempt.

The plaintiffs have also moved for the entry of a default judgment as to the defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Malone has forwarded to his client the present motion for entry of default and has explained to him the urgency of the situation. Nevertheless, his client has failed to respond. In light of the defendant's repeated and continuing discovery violations, his disregard for the orders of the Court, and the apparent inability of previously-imposed milder sanctions to engage the defendant in the present action against him, a more drastic sanction is in order. The clerk will enter a notice of the defendant's default.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge